# Exhibit D

CAUSE NO._____

| | | |
|---|---|---|
| USC-SAPIENT PARTNERS, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AXIS SURPLUS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |
| | § | |

## USC-SAPIENT PARTNERS, LLC'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

USC-Sapient Partners, LLC ("USC"), USC herein, files this Original Petition against Defendant Axis Surplus Insurance Company ("Axis") and, in support of its causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1.      Plaintiff USC-Sapient Partners, LLC is the owner of the property commonly known as 1901-1915 Texas Ave. S., College Station, Texas 77840 (herein "Property" or "University Shopping Center").   At relevant times, USC's principle place of business was located at 4615 Southwest Freeway, Suite 700, Houston, TX 77027.

2.      Defendant Axis is a surplus lines insurance company eligible to engage in business in the State of Texas and which has engaged in business in the State of Texas.  Axis does not maintain a registered agent in the State of Texas.  Axis is an Illinois corporation with its principal place of business in Georgia.  Pursuant to Texas Insurance Code § 804.106, Axis may be served by serving the Commissioner of Insurance, Chief Clerk Office, 333 Guadalupe, MC 113-2A, P.O.

Box 149104, Austin, Texas 78714-9104, who shall forward a copy of Plaintiff's Original Petition

to Axis Insurance Company, 11680 Great Oaks Way, Suite 500, Alpharetta, Georgia 30022.

## II.
## DISCOVERY

3.      This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.  USC currently

seeks monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses,

pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves

an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.      Venue is proper in Harris County because all or a substantial part of the events or

omissions giving rise to the claim occurred in Brazos County. TEX. CIV. PRAC & REM CODE §

15.002(a)(1). Specifically, the applicable Axis insurance policy was delivered to USC's place of

business in Harris County, Texas.  Principals for USC, the insured, participated in the investigation

and filing of the claim through the company's principle place of business in Harris County, Texas.

Axis delivered its denial of payment for the covered loss to USC in Harris County, Texas.

## V.
## FACTUAL BACKGROUND

7.      USC is a named insured under a property insurance policy number ECF6211864-

17 issued by Axis.

8.     On or about March 18, 2018, storms producing large hail stones hit portions of Brazos County, Texas, including the College Station, Texas area, causing damage to property.  The storm extensively damaged the USC Shopping Center.  USC subsequently filed a claim on its insurance policy.

9.     Defendant improperly denied the claim.

10.     On or about August 12, 2018, Axis sent an adjuster to inspect the University Shopping Center.  That adjuster intentionally ignored the damage that was, in many respects, obvious and otherwise discoverable with any reasonable inspection.

11.     On several dates from August 2018 to January 2019, Axis sent consultants and then an engineer to inspect the University Shopping Center.  They too intentionally ignored the damage caused by the March 18 Storm.  Among other things, the consultants and engineer (1) inspected only a small portion of the roof, ignoring damaged portions; (2) tested only a small portion of the roof and failed to follow a reliable methodology for obtaining and testing samples; (3) ignored physical damage in the form of torn and breached insulation paper facer; (4) ignored moisture mapping, core sampling, and other evidence of saturated insulation below the roof membrane; (5) ignored observable damage and data that conflicted with their conclusions; (6) ignored manufacturing and code requirements mandating replacement of insulation and roof covering; and (7) ignored weather data contradictory to their conclusion, even when each of the foregoing were called to their attention.  Based on its inadequate and unreasonable adjustment, Axis wrongfully denied the claim.

12.     Moreover, Axis performed an outcome-oriented investigation of USC's claim, which resulted in a biased, unfair and inequitable evaluation of USC's losses on the property.

13.     The damage to USC has increased over time due to Axis's failure to honor timely its clear obligations under the policy.  USC has obtained bids to repair the damage caused by the March 18 Storm and covered under the policy.  Those bids are for amounts far beyond the policy deductible.  USC has also incurred costs to repair some of the damage caused by the March 18 Storm and covered under the policy, and those amounts incurred are far beyond the policy deductible.

14.     Axis's failures to pay the full amount of the loss caused by the March 18 Storm constitutes a breach of the policy.  Additionally, through its adjustment and handling of USC's claim, Axis has violated Chapter 541 of the Texas Insurance Code as more fully set out below.

## VI.
## CAUSES OF ACTION

**A.      Breach of Contract**

15.     USC incorporates each of the foregoing paragraphs as if set forth fully herein.

16.     Axis had a contract of insurance with USC.  Axis breached the terms of that contract by wrongfully denying the claim and USC was damaged thereby in an amount to be proven at trial.

**B.      Prompt Payment of Claims Statute**

17.     USC incorporates each of the foregoing paragraphs as if set forth fully herein.

18.     The failure of Axis to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

19.     USC gave notice as required by Texas Insurance Code § 542A.003.  Attached as Exhibit A is a copy of the notice letter sent to Defendant, which is incorporated in this Petition by reference

20.     USC, therefore, in addition to USC's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in § 542.060 of the Texas Insurance Code.

**C.     Bad Faith**

21.     USC incorporates each of the foregoing paragraphs as if set forth fully herein.

22.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

23.     Defendant violated § 541.060 by:

(1)     Misrepresenting and/or failing to discuss with USC pertinent facts or policy provisions relating to coverage as an issue, in violation of TEX. INS. CODE § 541.060(a)(1);

(2)     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of TEX. INS. CODE § 541.060(a)(2);

(3)     Failing to promptly provide to USC a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its denial of the claim or offer of a compromise settlement of a claim in violation of TEX. INS. CODE § 541.060(a)(3);

(4)     Failing within a reasonable time to affirm or deny coverage of a claim to USC or submit a reservation of rights to USC; and

(5)     Refusing to pay the claim without conducting a reasonable investigation with respect to the claim in violation of TEX. INS. CODE § 541.060(a)(7);

24.     Defendant misrepresented the insurance policy and, therefore, violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

(4)     making a material misstatement of law.

25.     Defendant knowingly committed the acts complained of.  As such, USC is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D.     Violation of the Deceptive Trade Practices Act.**

26.     USC incorporates each of the foregoing paragraphs as if set forth fully herein.

27.     USC is a consumer under the DTPA because it is a limited liability company who acquired goods and services by purchase.

28.     Defendant, Axis, is a corporation that can be sued under the DTPA.

29.     Defendant violated the DTPA when Defendant engaged in false, misleading, or deceptive acts or practices that plaintiff relied on to plaintiff's detriment.  Specifically, Defendant used or employed an act or practice in violation of Texas Insurance Code Chapter 541, as more fully set out above.

30.     USC gave notice as required by Texas Business & Commerce Code section 17.505(a).  Ex. A.

31.     Defendant's wrongful conduct was a producing cause of USC's injury, which resulted in actual damages to USC.

32.     USC seeks unliquidated damages in an amount to be proven at trial.

33.     Defendant acted knowingly or intentionally, which entitled plaintiff to recover treble economic damages under Texas Business & Commerce Code § 17.50(b)(1).

**E.     Attorneys' Fees**

34.     USC engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

35.     USC is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because it is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

36.     USC further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to §§ 541.152 and 542.060 of the Texas Insurance Code and § 17.50(d) of the Texas Business & Commerce Code.

**VII.**
**CONDITIONS PRECEDENT**

37.     All conditions precedent to USC's right to recover have been fully performed or have been waived by Defendant.

**VIII.**
**DISCOVERY REQUESTS**

38.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

39.     You are also requested to respond to the attached requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## JURY DEMAND

USC demands a jury on all issues triable to a jury and pays the jury fee along with the filing of this Petition.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, USC prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that USC be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which USC may show itself to be justly entitled.

Respectfully submitted,

BECK REDDEN LLP

By:_____

David W. Jones
State Bar No. 00790980
Joel T. Towner
State Bar No. 24083978
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone:     (713) 951-3700
Telecopier:     (713) 951-3720
E-mail: djones@beckredden.com
E-mail: jtowner@beckredden.com

**ATTORNEYS FOR PLAINTIFF USC-SAPIENT PARTNERS, LLC**

## USC'S FIRST SET OF REQUESTS FOR PRODUCTION
## AND REQUESTS FOR ADMISSIONS

COMES NOW USC in the above-styled and numbered cause, and requests that Defendant (1) produce responsive documents to the undersigned counsel within 30 days of service (or within 50 days of service if the discovery was served prior to the date an answer is due); and (2) serve its answers to these discovery requests within the same time period to USC by and through its attorneys of record, Beck Redden LLP at 1221 McKinney Street, Suite 4500, Houston, Texas 77010.

Respectfully submitted,

BECK REDDEN LLP

By:_____
     David W. Jones
     State Bar No. 00790980
     Joel T. Towner
     State Bar No. 24083978
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone:    (713) 951-3700
Telecopier:    (713) 951-3720
E-mail: djones@beckredden.com
E-mail: jtowner@beckredden.com

**ATTORNEYS FOR PLAINTIFF USC-SAPIENT PARTNERS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant would have been served with them when it was served with the citation.

/s/ <em>Joel T. Towner</em>
Joel T. Towner

## **INSTRUCTIONS**

A.      These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.      Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Beck Redden, LLP.

C.      If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

1.   Identify the document's title and general subject matter;
2.   State its date;
3.   Identify all persons who participated in its preparation;
4.   Identify the persons for whom it was prepared or to whom it was sent;
5.   State the nature of the privilege claimed; and
6.   State in detail each and every fact upon which you base your claim for privilege.

D.      If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.      If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.      You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

1.   You know the response made was incorrect or incomplete when made; or
2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A.    **"Defendant," "You," "Your(s),"** refers to Axis Surplus Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B.    **"USC"** refers to the named USC-Sapient Partners, LLC in the above-captioned suit.

C.    **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D.    **"The Policy"** refers to the policy issued to USC by the insurer and at issue in this lawsuit.

E.    **"The Claim(s)"** means the claim for insurance benefits submitted by USC and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.    **"Date of Loss"** refers to the date(s) of loss identified in USC's live petition or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.    "**Handle**" or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.    **"Lawsuit"** refers to the above styled and captioned case.

I.    **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.    The term "**Document**" shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic

matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.      The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.      The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.      The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2.  **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3.  **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4.  **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.      The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates,

reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.    The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring USC's Property.

## <u>NOTICE OF AUTHENTICATION</u>

You are advised that pursuant to Tex. R. Civ. P. 193.7, USC intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## REQUEST FOR PRODUCTION TO DEFENDANT AXIS

## REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to USC for the Property that were in effect on the Date of Loss.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 2
If you contend that any prior claims USC submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to USC for the Property that were in effect during the handling of those claim(s).

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 3
Produce a copy of the declarations pages you issued for the Property for each year you insured the Property, up to the three (3) years preceding the Date of Loss.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 4
Produce your complete Underwriting File for USC's policy of insurance with you.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 5
Produce the complete Claim File including all documents and communications regarding the Claim.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 6
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**

If you contend that any prior claims USC submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

Produce all documents USC (or any other person) provided to you related to the Claim or the Property.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**

Produce all documents you provided to USC (or any other person) related to the Claim or the Property.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**

Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**

The file from the office of USC's insurance agent concerning USC's Property.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**

Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of USC's Claim.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting USC's Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce all written and/or electronic communications you sent to, or received from, USC's insurance agent related to the Claim, the Property, the USC or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the USC or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all written and/or electronic communications you sent to, or received, from USC and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to USC's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

    **RESPONSE:**

## REQUEST FOR PRODUCTION NO. 21

Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 22

Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust USC's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 23

Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust USC's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of USC's claim, either pre or post-lawsuit.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 24

Produce the "Pay sheet," "Payment Log," or list of payments made on USC's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 25

Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected USC's Property in connection with the Claim.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 26

Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected USC's Property in connection with the Claim, whether pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to USC's Claim and/or any issue in USC's live petition

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Produce all documents you identified, referred to, or relied upon in answering USC's interrogatories.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to USC's live petition.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to USC's Property as a "catastrophe."

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**

Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**

Produce copies of your attorney's[s'] fee bills in this matter.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**

If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**

If an attorney was involved in evaluating payment or coverage of USC's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

     **RESPONSE:**

<u>**REQUEST FOR ADMISSIONS TO DEFENDANT AXIS**</u>

<u>**REQUEST FOR ADMISSION NO. 1:**</u>
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

    <u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 2:**</u>
Admit that on Date of Loss the Property sustained damages caused by a hailstorm

    <u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 3:**</u>
Admit that as of the Date of Loss the Policy was in full force and effect.

    <u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 4:**</u>
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

    <u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 5:**</u>
Admit that the Policy is a replacement cost value policy.

    <u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 6:**</u>
Admit that the Policy is an actual cash value policy.

    <u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 7:**</u>
Admit that aside from the Claim at issue, USC has never previously submitted a claim to you for damage to the Property.

    <u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 8:**</u>
Admit that USC timely submitted the Claim.

    <u>**RESPONSE:**</u>

**REQUEST FOR ADMISSION NO. 9:**

Admit that your decision to deny or partially deny USC's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit that Defendant's decision to deny or partially deny USC's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit that Defendant's decision to deny or partially deny USC's Claim was made in whole or in part on the timeliness of the Claim's submission.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Admit that you reinsured the risk under USC's Policy.

    **RESPONSE:**

9/13/2019 4:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36805607
By: DAVIA FORD
Filed: 9/13/2019 4:08 PM

CAUSE NO. 201956118

| | | |
|---|---|---|
| USC-SAPIENT PARTNERS, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| AXIS SURPLUS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | 295th JUDICIAL DISTRICT |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Axis Surplus Insurance Company ("Axis" or "Defendant") and files the following Answer and Affirmative Defenses to Plaintiff's Original Petition and would respectfully show the Court as follows:

### I.
### ORIGINAL ANSWER

### General Denial

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof.  By this general denial, Defendant demands that Plaintiff prove every fact in support of its claims for breach of contract, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, and common law bad faith by a preponderance of the evidence. By this general denial, Defendant further demands that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## II.
## AFFIRMATIVE DEFENSES

2.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant sets forth the following affirmative defenses to the allegations in Plaintiff's Original Petition:

a.      Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Original Petition fails to state a claim against Defendant upon which relief can be granted.

b.      Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles set forth in Axis policy no. ECF621864-17 (the "Policy").

c.      Plaintiff's claims are barred, in whole or in part, to the extent the alleged physical loss or damage claimed by Plaintiff did not occur during the Policy's period of coverage (as required by the Policy).

d.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a Covered Cause of Loss or Covered Causes of Loss (as required by and defined in the Policy).

e.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks coverage under the Policy for physical loss or damage to property other than Covered Property (as defined in the Policy).

f.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

g.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiff's recovery under the Policy and Texas law, if any, must be offset and reduced accordingly.

h.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiff.

i.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of third parties over whom Defendant has and/or had no control.

j.      Plaintiff's claims are barred, in whole or in part, by the Policy's Legal Action Against Us Provision, which states that there must be full compliance with all terms of the Policy before a legal action may be brought against Axis.

k.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of damage caused by wear and tear, rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself, settling, cracking, shrinking or expansion.

l.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of damage caused by dampness or dryness of atmosphere, changes in or extremes of temperature, or marring or scratching.

m.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of damage caused by continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

n.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of damage caused by faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, or maintenance.

o.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for damage to the interior of a building caused by or resulting from rain, snow, sleet, ice, sand or

dust, whether driven by wind or not, unless the building first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters.

p.      A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Axis and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing extra-contractual liability. Axis would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; (iii) the reasonable and necessary measures to repair any covered loss or damage; and (iv) the reasonable and necessary measures to repair any covered loss or damage.

q.      Plaintiff's claim for exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

r.      Plaintiff's claim for exemplary damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions

may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

3.      Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## III.
## RESERVATION OF RIGHTS

4.      By appearing and answering herein, Defendant does not waive, and expressly reserves, all rights and defenses that Defendant may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendant may have (or that may arise) under the Policy and/or applicable law.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Axis Surplus Insurance Company prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendant may be justly entitled, whether at law or in equity.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Jennifer L. Gibbs*

    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Bennett A. Moss
    Texas Bar No. 24099137
    bmoss@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR AXIS SURPLUS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on September 13, 2019:

David R. Jones
State Bar No. 00790980
djones@beckredden.com
Joel T. Towner
State Bar No. 24083978
jtowner@beckredden.com
BECK REDDEN LLP
1221 McKinney Street, Suite 450
Houston, TX  77010-2010
Telephone:    713-951-3700
Facsimile:    713-951-3720
***Attorneys for Plaintiff USC-Sapient Partners, LLC***

*/s/ Jennifer L. Gibbs*
Jennifer L. Gibbs